k

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEI PORTNOY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VEOLIA TRANSPORTATION SERVICES, INC.,<br><br>　　　　　Defendant. | No.  2:14-cv-0423 TLN CKD PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302(c)(21).

　　　　Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

　　　　The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

/////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In this action, plaintiff alleges claims arising out of the termination of his employment with defendant. Plaintiff asserts claims for defamation, and intentional and negligent infliction of emotional distress. Plaintiff's claims are barred by res judicata. Under the doctrine of res judicata, "'[a] final judgment on the merits bars a subsequent action between the same parties or their privies over the same cause of action.'" The Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992), quoting Davis & Cox v. Summa Corp., 751 F.2d 1507, 1518 (9th Cir. 1985). The doctrine of res judicata consists of two concepts, issue preclusion, or collateral estoppel, and claim preclusion. Migra v. Warren City School District Board of Education, 465 U.S. 75, 77 n.1 (1984). "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." Id. "Claim preclusion bars the assertion of any theory of recovery that could have been asserted in the first action." Fund for Animals, at 1398, citing Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988). Collateral estoppel may be asserted by defendants to estop a plaintiff from asserting against them a claim that the plaintiff previously asserted and lost against different defendants in a separate action. See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 322-27 (1971).

Plaintiff previously sued the same defendant named in the instant action for wrongful termination. See Portnoy v. Veolia Transport, Inc., 2:10-cv-2730 GEB CKD PS. In that action, plaintiff alleged his employer wrongfully terminated him based on the report of his supervisor that plaintiff failed to report an accident in a timely manner and falsified the reason the accident was not reported. On summary judgment in the prior action, the court found that the undisputed facts established that plaintiff did not timely report an accident involving the bus plaintiff was driving. Id., ECF No. 54. Plaintiff's claims for negligent and intentional infliction of emotional

1  distress were decided adversely to plaintiff in the prior action, which proceeded to final judgment.
2  Id., ECF No. 57, 58, 74. Plaintiff's claim for defamation raised in the instant action, predicated
3  on the allegedly false supervisor's report, could have been raised in the prior action.
4  The issue of whether the supervisor's report was false, which underlies plaintiff's defamation
5  claim, has also been decided adversely to plaintiff. This action is therefore barred by res judicata
6  and should be dismissed.

   Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted; and

   IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 24, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 portnoy-veolia0423.57